# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CHARLES EDWARD JARRETT,

    Plaintiff,

v.                                         Case No. 2:20-cv-00625

REGIONAL JAIL AUTHORITY AND
SOUTH CENTRAL REGIONAL JAIL,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### *I.  PROCEDURAL HISTORY*

On September 14, 2020, Plaintiff filed a complaint, purportedly under 42 U.S.C. § 1983, in the United States District Court for the Western District of Virginia, which was transferred to this court on September 23, 2020 because this court is the proper venue. (ECF Nos. 1 and 3). The complaint named the Regional Jail Authority ("RJA") and the South Central Regional Jail ("SCRJ") as defendants. § 1983 provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983.

While not in itself a source of substantive rights, § 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a *person* acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

The SCRJ is merely a building, which was formerly owned and operated by the RJA, which was an agency of the State of West Virginia, and the State of West Virginia and its agencies are not "persons" that can be sued under 42 U.S.C. § 1983 and are immune from any claims for monetary damages under the Eleventh Amendment of the Constitution of the United States. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hans v. Louisiana*, 134 U.S. 1, 9 (1980); *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Therefore, the RJA and SCRJ are not proper defendants herein.

Plaintiff's complaint alleges that he was one of 16 inmates who tested positive for Covid-19 on an unspecified date while he was incarcerated at the SCRJ. (ECF No. 1 at 3). He further alleges that a C.O. Cappy, who is not named as a defendant, was ordered to move Plaintiff from a cell in protective custody to a cell in the general population where other inmates who had tested positive for Covid-19 were apparently being housed. (*Id.*)

Plaintiff claims that he was verbally and physically abused by other inmates in his new pod because he had come from protective custody. (*Id.*) He further claims that, after he "called home to let someone know," Lt. Eddy ("Eddy"), who is also not named as a defendant, came with a battery-operated drill and took his cell door apart, disconnecting some wires so that the tower guard could not operate his door. (*Id.*) Plaintiff claims that he grabbed his belongings and told Eddy that he feared for his safety, but Eddy told him that "it was time to man up." (*Id.*) Plaintiff also makes a blanket statement that he "was not treated" for Covid-19 and received "no medicine (nothing)." (*Id.*) He further summarily contends that he saw a "psych doctor" and was put back in his original cell. (*Id.*)

Plaintiff does not indicate whether he was a pre-trial detainee or a sentenced prisoner at the time this conduct occurred, and he has not named any individual correctional staff or medical staff as defendants in his complaint. Nor has he specified whether he is alleging that any individual personnel acted with deliberate indifference to his serious medical needs, to state a plausible federal constitutional claim or whether he claims that such individuals acted negligently, which will not support a federal constitutional claim. *See, e.g., Murray v. S.C. Dep't of Corr.*, No. 1:21-cv-1271-CMC-SVH, 2021 WL 2582211, at *1 (D.S.C. June 23, 2021) (a negligence claim cannot be brought under § 1983); *Hickman v. Hudson*, 557 F. Supp. 1341, 1345 (W.D. Va. 1983) (a personal injury resulting from a negligent act does not violate the Eighth Amendment merely because the victim is a prisoner). As noted above, to proceed under § 1983, Plaintiff must name particular persons who he claims are responsible for a violation of an identified federal constitutional right and provide specific factual allegations concerning their alleged misconduct, all of which is absent from Plaintiff's complaint. Thus, the complaint,

as pled, is ripe for dismissal.

On April 25, 2022, the undersigned entered an Order and Notice granting Plaintiff leave to amend his complaint by May 25, 2022. (ECF No. 7). The Order and Notice further notified Plaintiff that the failure to comply with the undersigned's order would result in the recommended dismissal of this matter for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

The Order and Notice was mailed to Plaintiff at the Northern Correctional Facility and Jail, where he was listed as being incarcerated at that time.[1] On May 9, 2022, the Clerk received and docketed a notice of change of address from Plaintiff indicating that he had been moved to a rehabilitation facility in Fairmont, West Virginia (Valley Health Care System, ACT unit). (ECF No. 8). Plaintiff mailed his notice of change of address on May 5, 2022. (*Id.* at 2). However, there is no indication that Plaintiff did not receive the undersigned's Order and Notice. Nonetheless, Plaintiff failed to comply with the undersigned's order to file an amended complaint by May 25, 2022, and Plaintiff has taken no further action or communicated with the court in any way since that deadline.

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must

---

[1] Plaintiff did not provide a notice of change of address upon his transfer from the SCRJ.

balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished). Such is the case here.

Plaintiff has failed to comply with the undersigned's Order and Notice to file an amended complaint and, thus, he has failed to prosecute this action as required. Accordingly, the responsibility for the delay in the progress of this matter is entirely on the plaintiff and dismissal, as expressly warned in the undersigned's Order and Notice, appears to be the only appropriate sanction.

### III.   FINDINGS AND RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from

the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

August 31, 2022

Dwane L. Tinsley
United States Magistrate Judge